## (December 6, 1962)

■ In the Matter of LODGING HOUSE KEEPERS ASSOCIATION OF NEW YORK, INC., et al., Respondents, v. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Board of Standards and Appeals. Based upon a report of a Minimum Wage Board convened in 1957 by the Industrial Commissioner pursuant to section 654 of the Labor Law, the Commissioner promulgated Minimum Wage Order No. 6-d for the hotel industry. This order was framed to include within the definition of "hotel industry" all hotels, lodging houses, boarding houses and certain other accommodations not material here. The petitioners who operate a type of lodging house for men in New York City known as "Flop Houses" instituted on January 14, 1958 before the Board of Standards and Appeals a proceeding to review the validity and reasonableness of Order No. 6-d in pursuance of section 110 of the Labor Law which, as it then read, provided that this board could "revoke or amend" an order of this character if it "finds" that it is "invalid or unreasonable" (subd. 4). The section (subd. 3) authorized the board to conduct a hearing. A hearing was held upon the petition; proof was taken on the character of the petitioners' operations; and the Board of Standards and Appeals revoked Order 6-d on the ground that it was "unreasonable and invalid" to classify "Bowery Flop Houses" operated by petitioners as hotels or as part of the hotel industry. Findings of fact were made as to the nature of flop houses and a rational conclusion was developed in the board's decision as to why they should not be treated for minimum wage purposes as hotels. Among other things the board was of opinion that one of the main policy reasons then existing for minimum wage orders was to protect women and children in industry; and there was a factual finding that "No women and minors are employed in 'Flop Houses'". The Commissioner has appealed from the decision thus delimiting the scope of Order 6-d. The petitioners-respondents previously moved to dismiss the appeal to this court on the ground it was not timely and the motion was denied (8 A D 2d 987) with leave to renew on the argument but we now deny the motion and reach the issue on the merits. Our review, however, of the determination of the Board of Standards and Appeals is to be viewed against the background of the board's power to review the order of the Commissioner. The board may "revoke or amend" such an order if it finds it is "invalid or unreasonable" (§ 110, subd. 4). This court may review such an order "on any question of law" (§ 662). Whether an order is "invalid" may well involve a question of law; but whether it is "unreasonable" is quite another matter and involves, in this special context, embracing a power to amend, an evaluation of applicability; and hence a matter of administrative judgment. This is especially the case in view of the board's right to take new proof "to determine" the "issues raised" before it (subd. 3). In the case before us the additional proof pointed up special problems in petitioners' operation not developed in the record when Order 6-d was promulgated. We reach the conclusion that the board had the power on this record to determine that Order No. 6-d should not be applied to flop houses and that its application to them was unreasonable and should be amended accordingly by excluding petitioners' operations from its scope. Whether such an amendment was desirable; or whether these petitioners ought, as a matter of administrative judgment, to have been excluded from the minimum wage order, are matters within the competence of the board, and no error of law of which we should take cognizance has been demonstrated by the Commissioner. Motion to dismiss appeal denied;

determination affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.